IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| RON ADDISON, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. ) |
| KANSAS CITY ULTIMATE SECURITY, INCORPORATED | ) Electronically Filed ) ) |
| Service Instructions: | ) CLASS ACTION ) COLLECTIVE ACTION ) ) |
| Defendant. | ) |

**COMPLAINT**
*Class and Collective Action*

Plaintiff, Ron Addison, on behalf of himself, and all others similarly situated, brings this representative action for violation of the Fair Labor Standards Act under §216(b) and related state wage and hour laws:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action against Defendant, Kansas City Ultimate Security, Incorporated, for unpaid overtime compensation, and related penalties and damages. It is Defendant's practice and policy to willfully fail and refuse to properly pay all overtime compensation due and owing and doing so is in direct violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

2. Defendant's pay practices and policies are in direct violation of the FLSA and state law, and therefore Plaintiff, on behalf of himself and all others similarly situated, seeks overtime

1

premiums for all overtime work required, suffered, or permitted by Defendant; liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

**PARTIES**

3. Plaintiff Ron Addison currently resides in Clay County, Missouri.

4. Plaintiff was employed by Defendant, was paid on an hourly basis, and worked at Defendant's location in Kansas City, MO as well as other Kansas City Ultimate Security, Incorporated's locations.

5. At all relevant times, Plaintiff worked as an hourly employee. Plaintiff regularly worked in excess of 40 hours in a workweek.

6. Over the course of his employment, and during the relevant period Plaintiff was paid a base hourly rate of approximately $15.00 and $20.00 per hour, plus bonuses and/or commissions, based on the rates charged to clients of KC Ultimate.

7. In weeks in which he worked overtime, he was paid 1.5 times his hourly rate for the rate of pay for the client for which he worked.

8. The FLSA mandates that in weeks in which a non-exempt employee works overtime, employers, such as KC Ultimate are required to use a blended, or regular rate of pay to calculate overtime rates. 29 C.F.R. § 778.115.

9. As part of his compensation structure, plaintiff regularly received non-discretionary bonuses, shift differentials, and other increases in his compensation structure.

10. However, those increases to his regular rate were not included when calculating overtime premiums. Instead, Defendant solely based overtime compensation on Plaintiff's base hourly rate.

11. This is unlawful under the FLSA and state wage and hour laws. *See* 29 C.F.R. §§ 778.200; 778.208.

12. Plaintiff, and the workers he seeks to represent are those employees nationwide who Defendant classified as nonexempt from overtime and who were not paid overtime correctly and/or received increases in their regular rate of pay from bonuses, shift differentials, and other means, and who were not paid overtime compensation at the proper rate of pay for all hours worked.

13. At all relevant times, Defendant were employers and/or joint employers of Plaintiff, and all other similarly situated employees, and is thus liable to Plaintiff, and all others similarly situated, as employers and/or joint employers.

## JURISDICTION AND VENUE

14. This Court has original federal question jurisdiction under 28 U.S.C. § 1311 for the claims brought under the FLSA, 29 U.S.C. § 201, *et seq.*

15. The United States District Court for the Western District of Missouri has personal jurisdiction because Defendant conducts business and employed Plaintiff in this District.

16. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because Defendant has offices, conduct business, has substantial business contacts and can be found in the Western District of Missouri, and the causes of action set forth herein have arisen, in part, and occurred, in part, in the Western District of Missouri.

## GENERAL COLLECTIVE ACTION ALLEGATIONS

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

17. Plaintiff brings Count I, the FLSA claim, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and of the following group of persons:

> All nonexempt Kansas City Ultimate Security, Incorporated's workers nationwide who were classified as nonexempt from overtime and who

3

received increases in their regular rate of pay from bonuses, shift differentials, and other means, and who were not paid overtime compensation at the proper rate of pay for all hours worked.

18. Plaintiff brings his state law claims in Count II under state law (including individual state law subclasses) and Count III (unjust enrichment) as an opt out class action, as defined below, pursuant to Fed. R. Civ. P. 23. Plaintiff, individually, and behalf of others similarly situated, seeks relief on a class basis challenging Defendant's practice of compensating Plaintiff and others similarly situated. The Rule 23 subclasses are defined as follows:

MISSOURI SUBCLASS

All nonexempt Kansas City Ultimate Security, Incorporated's workers in Missouri who were classified as nonexempt from overtime and who received increases in their regular rate of pay from bonuses, shift differentials, and other means, and who were not paid overtime compensation at the proper rate of pay for all hours worked within two years of the filing of this action. Mo. Rev. Stat. 290.500, et. seq.; Mo. Code Regs. Ann. tit. 8, § 30-4.020

19. The class satisfies the numerosity standards in that the class numbers well into the hundreds. As a result, joinder of all class members in a single action is impracticable. Class members may be informed of the pendency of this class action through direct and electronic mail as well as notice posted in the place of work.

20. There are questions of fact and law common to the classes that predominate over any questions affecting individual members. The questions of law and fact common to the class arising from Defendant's actions include, without limitation, the following:

    a. Whether Defendant paid overtime wages using a blended or regular rate of pay to calculate overtime premiums;

    b. Whether Defendant paid bonuses that were not included in the regular rate of pay

for purposes of calculating overtime;

c. Whether Defendant paid shift differentials that were not included in the regular rate of pay; for purposes of calculating overtime;

d. Whether such pay is exempted from regular rate of pay;

e. Whether Defendant knew or had reason to know its policies and compensation practices were unlawful, and

f. Whether Defendant retained a benefit from such unlawful policies and compensation practices.

21. The aforementioned common questions, among others, predominate over any questions affecting individual persons, and a class action is proper as it will achieve and promote consistency, economy, efficiency, fairness, and equity.

22. Plaintiff's claims are typical of those of the Class in that class members have been paid pursuant to the same compensation structure as the Plaintiff and were subject to the same or similar unlawful practices as the Plaintiff.

23. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members would create a risk of inconsistent and varying results, risk the establishment of incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of class members to protect their interests.

24. Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the members of the class he seeks to represent. The interests of the members of the class will be fairly and adequately protected by Plaintiff acting as Class

Representative and his undersigned counsel, who have experience in wage and hour and class action lawsuits.

25. Maintenance of this action as a class action is a fair and efficient method to resolve this controversy. It would be impracticable and undesirable for each member of the class who suffered harm to bring a separate action. Furthermore, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a class action can determine the rights of all class members in conformity with the interest of efficiency and judicial economy.

26. To the extent required by law, notice will be provided to said individuals via first class mail, email and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

## COUNT I – FAIR LABOR STANDARDS ACT

### Failure to Properly Pay Overtime Wages

27. Plaintiff hereby incorporates all of the above paragraphs in this Complaint as if fully set forth in this Count.

28. Plaintiff was employed by Defendant in the past three years and he was paid on an hourly nonexempt basis.

29. Prior to, during, and after Plaintiff's employment with Defendant, the Defendant employed numerous other individuals who had the same compensation structure as Plaintiff.

30. Plaintiff brings this Claim as a collective action pursuant to FLSA, 29 U.S.C. § 216(b), on behalf of all nonexempt Kansas City Ultimate Security, Incorporated's workers nationwide who are or were subject to an increase in pay such as a bonus and/or shift differential and whose regular rate of pay was not calculated to include such additional compensation in

calculating overtime payments within the past three years and going forward.

31. This Complaint may be brought and maintained as an "opt-in" collective action pursuant to Section 16 of the FLSA, 29 U.S.C. § 216(b), for all claims asserted by Plaintiff because his claims are substantially similar to the claims of the other workers he seeks to represent.

32. Plaintiff is similarly situated to the group he seeks to represent because they are all subject to Defendant's common practice, policy, or plan of refusing to include all compensation, such as bonuses and shift differentials when calculating the regular rate for overtime, in violation of the FLSA.

33. At all relevant times, Defendant has been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

34. At all relevant times, Defendant has employed, and/or continue to employ, "employee[s]," including each of the putative members of the FLSA representative action.

35. At all times relevant herein, Defendant has had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

36. The FLSA requires each covered employer, such as the Defendant, to compensate all non-exempt employees straight time for all hours worked and overtime compensation, at a rate of not less than one-and-one-half the regular rate of pay, for work performed in excess of forty hours in a work week.

37. The FLSA further requires that increases in the regular rate of pay for shift differentials, bonuses, and other types of pay be included in the regular rate when determining overtime compensation.

38. Plaintiff and the putative members of the FLSA representative action are not exempt

from the right to receive overtime pay under the FLSA.

39. At all relevant times, Defendant has had a policy and practice of failing and refusing to properly pay their nonexempt employees overtime pay at a rate of not less than one-and-one-half the regular rate of pay for work performed in excess of forty hours in a work week.

40. The Defendant's failure to properly compensate Plaintiff, and all others similarly situated at a rate of not less than one-and-one-half times the regular rate of pay, for work performed in excess of forty hours in a work week constitutes a violation of the FLSA, 29 U.S.C. §§ 201, *et seq.,* including 29 U.S.C. § 207(a)(1).

41. Defendant's violations of the FLSA are continual in nature.

42. The foregoing conduct constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

43. The Plaintiff, on behalf of himself and all others similarly situated, seeks damages in the amount of all respective unpaid overtime compensation at a rate of one-and-one-half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, recovery of all attorney's fees, costs, and expenses incurred in this action, to be paid as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

## COUNT II – STATE LAW WAGE STATUTES

44. Plaintiff hereby incorporates all of the above paragraphs in this Complaint as if fully set forth in this Count.

45. At all relevant times, Defendant has been and continue to be "employers."

46. At all relevant times, Plaintiff and the putative class members were Kansas City Ultimate Security, Incorporated's "employees."

47. The state wage laws require an employer to pay proper overtime compensation to all non-exempt employees.

48. Plaintiff and members of the Class are not and were not exempt from overtime pay requirements.

49. During the applicable statute of limitations, Defendant had a policy and practice of failing and refusing to pay all overtime wages to the Plaintiff and members of the class based on the proper regular rate of pay.

50. As a result of Defendant's willful failure to pay overtime wages earned, Defendant has violated and continue to violate the state wage laws, including but not limited to Mo. Rev. Stat. § 290.500.

51. Defendant's conduct violates the state laws of other states in which class members reside, including the state law subclasses which will be identified through the course of discovery.

**WHEREFORE**, Plaintiff, on behalf of himself and all proposed class members, prays for relief as follows:

    a. Designation of this action as an action on behalf of the proposed putative class members and prompt issuance of notice to all putative class members, apprising them of the pendency of this action;

    b. Designation of Plaintiff Addison as Representative Plaintiff, acting for and on behalf of the putative class members;

    c. A declaratory judgment that the practices complained of herein are unlawful under the Missouri Wage Laws, Mo Rev. Stat. 290.500, *et seq.* and state wage laws as applicable, and an injunction against the same;

    d. An award of damages of the full amount of the wage rate and an additional equal

amount as liquidated damages;

f.  Costs and expenses of this action incurred herein;

g.  Reasonable attorney's fees and expert fees;

h.  Pre-Judgment and Post-Judgment interest, as provided by law; and

i.  Any and all such other and further relief as this Court deems necessary, just and proper.

Respectfully submitted,

THE HODGSON LAW FIRM

/s/ *Michael Hodgson*
Michael Hodgson, MO Bar No. 63677
3609 SW Pryor Road
Lee's Summit, MO 64082
Tel: (816) 600-0117
mike@thehodgsonlawfirm.com

*Attorney for Plaintiff*